IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

SAMMY STANLEY,

                Petitioner,                OPINION AND ORDER

    v.                                          08-cv-0164-bbc

WILLIAM POLLARD, Warden,
Green Bay Correctional Institution,

                Respondent.

---

Sammy Stanley, an inmate at the Green Bay Correctional Institution, has petitioned the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, contesting the lawfulness of his August 30, 2005 conviction in the Circuit Court for Eau Claire County for two counts of delivery of cocaine. Petitioner contends that he is in custody in violation of the laws or Constitution of the United States because 1) the state presented evidence against him at trial that was obtained in violation of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), and his right against self-incrimination; 2) the jury was "unconstitutionally selected and impaneled" because the circuit court allowed two people who were not summoned, worked in the courthouse and knew the prosecutor to serve as jurors; and 3) the state presented evidence against him at trial that was obtained pursuant to "an unconstitutional search and

1

seizure" because petitioner was not informed of his "rights" and the state did not have a search warrant for his person.

Before the court is respondent's motion to dismiss the petition. He contends that this court should dismiss petitioner's <u>Miranda</u> claim on its merits because the state did not introduce at trial any statements that petitioner made after his arrest or any evidence derived from such statements. Respondent seeks dismissal of petitioner's jury selection and search warrant claims on grounds of state court procedural default. Because I agree that petitioner's <u>Miranda</u> claim is plainly without merit, I will grant respondent's motion with respect to that claim. I am denying its motion to dismiss the remaining claims because the state appellate court's finding that petitioner had the opportunity to present his claims to the trial court at the same time he was represented by counsel is inconsistent with Wisconsin's rules on hybrid representation and the record.

One preliminary matter requires discussion. After he filed his petition and the court ordered respondent to file a response, petitioner filed a brief in support of his petition in which he raises a number of new claims, including claims of ineffective assistance of postconviction and trial counsel. Because these claims were not included in the petition, they are not properly before the court as independent claims. Rule 2(c) of the Rules Governing Section 2254 Cases (petitioner must specify all grounds for relief available). However, petitioner may assert ineffective assistance of counsel as "cause" for procedurally defaulting his claims.

2

From the limited record attached to respondent's motion and records available electronically, I find the following facts.

FACTS

On August 3 and 5, 2004, petitioner sold cocaine to a confidential informant. At trial, the state proved its case using testimony from the informant, several officers who were part of the controlled-buy operation and a crime lab chemist. Petitioner did not call any witnesses. After deliberating for 45 minutes, the jury convicted petitioner on two counts of delivery of cocaine. The court sentenced petitioner to seven years on each count, with the terms to run concurrently. Petitioner filed notice of his intent to appeal his conviction.

Michael Fairchild, the lawyer appointed to represent petitioner in post-conviction proceedings and on appeal, filed a postconviction motion followed by a supplemental motion. (The state has not included a copy of either motion with its submissions.) On May 17, 2006, petitioner filed his own amended motion, which was accepted by the clerk and entered on the docket sheet. Wisconsin Circuit Court Access, docket sheet for Eau Claire County Case Number 2004CF0600, dkt. #105, available at http://wcca.wiscourts.gov (visited Sept. 26, 2008). The circuit court held a hearing on May 26, 2006. Dkt. #16, exh. 4. The court indicated that the subject of the hearing was "a post-conviction motion requesting a new trial," but did not specify which of the motions it was considering. Id. at 2. Fairchild argued that the court had erred at trial in refusing to allow the defense to

introduce bad acts evidence to impeach the credibility of the confidential informant; the prosecutor had improperly vouched for the police officers during his closing argument; and the court had erroneously allowed a police officer to testify that law enforcement had information that petitioner was engaged in drug dealing before he participated in the controlled buy with the informant. Id. at 2-26. Ruling from the bench, the court stated that it was denying the motion on all grounds. Id. at 26-27.

After the court ruled, Fairchild stated that he wished to raise an additional argument that had not been presented in his postconviction motion but that petitioner had "emphatically" told counsel that he wanted raised: that all the evidence in his case had to be suppressed because he was never read his Miranda rights at the time of his arrest. Id. at 28-29. The court denied the motion, explaining that he knew of no law supporting petitioner's position and that any Miranda violation was immaterial because petitioner never made any incriminating statements and the state never introduced any statements by petitioner at trial. Id. at 31. Petitioner then asked the court whether he could speak on his own behalf, to which the court responded: "Well, I'm always concerned when somebody wants to do that because you've got a lawyer and the lawyer has helped you up to now." Id. Addressing the court on petitioner's behalf, Fairchild explained that petitioner wanted to argue that in order to convict him, the state had to prove "both possession with the intent to sell and possession with the intent to manufacture and no evidence was produced with

4

regard to manufacture." Id. at 32. After the prosecutor noted that petitioner had been convicted of two counts of delivery of cocaine, the court said: "I'll deny that motion." Id.

Petitioner elected to proceed *pro se* on appeal. On November 21, 2006, the Wisconsin Court of Appeals issued an opinion and order summarily affirming the judgment. State v. Stanley, 2006AP1459-CR (Ct. App. Nov. 21, 2006), attached to Mot. to Dismiss, dkt. #16, exh. 7. The appellate court summarized petitioner's claims as follows: 1) the state violated his Miranda rights by failing to give him any warnings at the time of his arrest; 2) the state failed to prove every element of the crime charged because the jury instructions did not mention manufacture or possession of cocaine; 3) his trial counsel was ineffective because he committed a variety of errors throughout the proceeding; and 4) his sentence was unduly harsh, in violation of the Eighth Amendment right to be free from cruel and unusual punishment. Id. at 2. With respect to the alleged Miranda violation, the court noted that the state had not introduced at trial any statements petitioner made after his arrest, so the remedy of suppression was unnecessary. Id. The court found that petitioner had waived his jury instruction and Eighth Amendment claims by failing to raise them in the circuit court, and in any case, neither claim had any merit. Id. at 2-3. It rejected petitioner's ineffective assistance of counsel claim on the ground that petitioner had never requested the circuit court to hold an evidentiary hearing as required by State v. Machner, 92 Wis. 2d 797, 804, 285 N.W. 2d 905 (Ct. App. 1979). Id. at 3. Finally, it found that to the extent that

petitioner was making other arguments, the court would not consider them because they were either not raised in the circuit court or were inadequately developed. Id.

The Wisconsin Supreme Court denied petitioner's request for review of the appellate court's decision. Shortly thereafter, petitioner filed a postconviction motion in the state circuit court pursuant to Wis. Stat. § 974.06, Wisconsin's collateral attack statute. Petitioner alleged that his postconviction lawyer had been ineffective for failing to challenge numerous alleged errors by petitioner's trial lawyer, including his failure to "challenge the fairness of the state being able to use unselected and unsummoned persons to act as jurors at trial," the state's failure to provide petitioner "with a jury of his own peers (race)" and the warrantless arrest of petitioner by the police. Petitioner also alleged that his postconviction lawyer's ineffectiveness was a "sufficient reason" under § 974.06 for petitioner's failure to raise all of his claims on direct appeal. State ex rel. Rothering v. McCaughtry, 556 N.W. 2d 136 (Wis. App. 1996).

The trial court denied the motion. (A copy of that order is not in the record.) The court of appeals affirmed, finding that petitioner's motion was procedurally barred under Wis. Stat. § 974.06 and State v. Escalona-Naranjo, 185 Wis. 2d 168, 181-82, 517 N.W. 2d 157 (1994). The court explained:

> Absent a showing of "sufficient reason," any claims adjudicated, waived or not raised in a prior postconviction motion cannot be raised in a subsequent motion under Wis. Stat. § 974.06. *See State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181-82, 517 N.W. 2d 157 (1994). Stanley argues that he established "sufficient reason" consisting of ineffective assistance of his postconviction counsel for failing to raise or adequately argue these issues. Because Stanley

6

was allowed to file his own motion supplementing his counsel's motion, the alleged deficient performance of his postconviction counsel does not establish sufficient reason for his failure to present these issues in his initial postconviction motion. Because all of the issues raised in Stanley's present motion were finally adjudicated or could have been raised in his previous motion, and because he has not provided sufficient reason for failure to raise these issues in the earlier motion, the motion is procedurally barred. *See id*.

State v. Stanley, 2007 AP 922 (Ct. App. Oct. 30, 2007), attached to Mot. to Dismiss, dkt. #16, exh. 12, at 2. The Wisconsin Supreme Court denied petitioner's request for review.

OPINION

A. Miranda Claim

In Miranda v. Arizona, 384 U.S. 436, 445 (1966), Supreme Court held that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant" unless it informs the defendant prior to questioning of his right to remain silent, that any statement he does make may be used as evidence against him and that he has the right to have a lawyer present. In this case, the state courts found no Miranda violation because, although no one ever informed petitioner of his various rights, the prosecution did not attempt to use at trial any statements that petitioner made or any evidence obtained after petitioner's arrest.

Petitioner does not deny that the state did not introduce his statements or any post-arrest evidence at trial. He appears to be arguing that the failure of the police to advise him of his Miranda rights renders his arrest a nullity and invalidates his entire conviction. This

argument is frivolous. Nothing in the Court's opinion in Miranda or in any other case supports it. The exclusive remedy for a Miranda violation is suppression of the defendant's statements and any evidence that was obtained by police solely as a result of those statements. I agree with respondent that petitioner's Miranda claim must be dismissed for lack of merit.

### B. Improper Jury Selection

A state prisoner may obtain federal habeas review of his claim only if he has exhausted state remedies and avoided procedurally defaulting his claim. 28 U.S.C. § 2254(b) and (c). When a petitioner fails to comply with a state procedural rule and the last state court to issue an opinion on petitioner's federal claim relies on that procedural default to refrain from reaching the merits of the federal claim, federal habeas review of the claim is foreclosed. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). A state ground is deemed "independent" for this purpose "only if the state court actually relied on a state rule sufficient to justify its decision." Prihoda v. McCaughtry, 910 F.2d 1379, 1382 (7th Cir. 1990). A state ground is considered "adequate" only if the state court applies the rule "in a consistent and principled way." Id. at 1383. The adequacy of the state ground is a question of federal law. Lee v. Kemna, 534 U.S. 362, 375 (2002). If the petitioner can demonstrate cause for his failure to comply with the state rule and prejudice resulting from the default, or alternatively that a miscarriage of justice will occur if he is not granted relief,

then a federal court may reach the merits of his claim notwithstanding the adequate and independent basis for the state court ruling. Harris v. Reed, 489 U.S. 255, 262 (1989).

In this case, petitioner first raised his claim regarding the allegedly improper jury selection in his postconviction motion brought pursuant to Wis. Stat. § 974.06. (Although petitioner made the conclusory assertion in his initial *pro se* postconviction motion that he had been denied the right to a "fair and impartial jury," he failed to allege any facts in support of that claim.) Under Wisconsin law, a defendant who fails to raise a claim in his initial postconviction motion or on direct appeal is barred from raising that claim in a later motion unless he can show a "sufficient reason" for his failure to raise the claim in his direct appeal. Wis. Stat. § 974.06(4); State v. Escalona-Naranjo, 185 Wis. 2d 168, 181, 517 N.W. 2d 157, 162 (1994). See also Page v. Frank, 343 F.3d 901, 905 (7th Cir. 2003) (providing overview of Wisconsin's procedure for review of criminal convictions). The ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an issue previously. State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 682, 556 N.W. 2d 136 (Ct. App. 1996). Applying this rule, the state appellate court determined that all of the claims raised in petitioner's § 974.06 motion were barred because they had either been previously adjudicated on direct appeal or could have been raised in that appeal but were not. Because petitioner had been allowed to file a *pro se* supplemental postconviction motion in the trial court, the court reasoned, petitioner could not assert ineffective assistance of

postconviction counsel as a "sufficient reason" for his failure to raise the issues during postconviction proceedings.

Respondent argues that the state appellate court's reliance on Escalona-Naranjo as a basis for rejecting petitioner's claims constitutes an independent and adequate state ground of decision that bars this court from considering the merits of the claims. There is no dispute that the state court relied solely on Escalano-Naranjo as a basis for its decision, making the state rule "independent" of the federal claim. I am not persuaded, however, that the state court's reliance on the rule was "adequate" to support its judgment. The court's determination that counsel could not be blamed for the failure to raise certain issues in postconviction proceedings because petitioner was allowed to file his own motion is inconsistent with Wisconsin's rules on hybrid representation. In State v. Redmond, 203 Wis. 2d 13, 19, 552 N.W. 2d 115 (Ct. App. 1996), the Wisconsin Court of Appeals held that Wisconsin's statutory procedure for appealing from felony convictions made "no allowance . . . for hybrid representation" and required a defendant to make an election to proceed with a state public defender, retain counsel or undertake the appeal pro se. But see State v. Debra A.E., 188 Wis. 2d 111, 138, 523 N.W. 2d 727 (1994) (holding that although defendant does not have constitutional right to hybrid representation on appeal, appellate court not precluded from exercising its discretion to accept and consider defendant's pro se appellate brief). In relying on petitioner's *pro se* supplemental postconviction motion as a basis for finding that petitioner lacked a sufficient reason for failing to raise all of his issues

initially, the court appears to have ignored <u>Redmond</u>'s prohibition. Further, the mere fact that petitioner *filed* his own motion does not show that the trial court *considered* it. To the contrary, the transcript of the motion hearing indicates that, with the exception of the two issues raised by Fairchild on petitioner's behalf at the hearing's close, the parties' arguments were focused on the issues raised in Fairchild's motion. In addition, the court's reluctance to allow petitioner to make arguments on his own behalf indicates that it was not allowing hybrid representation but was confining its review to the issues raised by counsel.

Respondent argues in his reply that regardless of the rules concerning hybrid representation, those rules did not affect petitioner's ability to present his claims because Fairchild "presented all the *pro se* arguments that Stanley wanted presented to the circuit court at the post-conviction hearing." Resp.'s Reply Br., dkt. #19, at 1. However, respondent cites no evidence to support his claim that the issues raised by Fairchild on petitioner's behalf at the hearing constituted "all" of the issues petitioner wanted to raise. More important, once petitioner decided to proceed with counsel, he was under no obligation to do anything to preserve his additional claims for further review. <u>Cf</u>. <u>State v. Tillman</u>, 281, Wis. 2d 157, 696 N.W. 2d 574 (Ct. App. 2005) (because Wisconsin's statutory no-merit procedure allowed defendant to file response to appellate lawyer's no-merit brief and afforded greater scrutiny of trial court record than conventional appeal, prior no-merit appeal could operate to bar petitioner from later raising issues that could have been raised in no-merit appeal); <u>Wilkinson v. Cowan</u>, 231 F.3d 347, 351 (7th Cir. 2000)

11

(petitioner did not procedurally default claims by failing to file response to appellate lawyer's motion to withdraw on no-merit grounds where petitioner was not informed that he had right to respond to lawyer's motion, "let alone an *obligation* to do so if he wished to preserve his claims for further review") (emphasis in original). The mere fact that the trial court did not prevent Fairchild from making a few arguments on petitioner's behalf was not enough to suggest that it was allowing hybrid representation and it did not trigger any obligation on petitioner's part to make sure his lawyer addressed all of his claims.

In sum, because the state court of appeals did not apply the Escalano-Naranjo bar in a principled and consistent way, this court cannot defer to its finding of procedural default. Because that is the only ground advanced by respondent as a basis for dismissing the claim, this part of respondent's motion must be denied.

## C. Warrantless Arrest

Respondent contends that petitioner's warrantless arrest claim is also procedurally defaulted, but for slightly different reasons. According to respondent, the claim is *not* barred under Escalona-Naranjo for petitioner's failure to raise it in his initial postconviction motion, but rather for petitioner's failure to develop the claim adequately during his direct appeal. Respondent points out that when the court of appeals rejected petitioner's appeal from the denial of his § 974.06 motion, it stated that all of petitioner's claims had to be denied because they "were finally adjudicated or could have been raised in his previous motion."

Because petitioner raised his search warrant claim on direct appeal, respondent argues, the court of appeals can be "presumed" to have been including this claim among those that were "finally adjudicated" on direct appeal. And on direct appeal, respondent points out, the appellate court rejected petitioner's search warrant claim without deciding the merits because it was "not raised at the circuit court or [was] inadequately developed." According to respondent, it is the violation of these state procedural rules, the requirements that claims first be raised in the trial court and be adequately developed on appeal, that bars this court from considering the merits of petitioner's claim.

There is no doubt the state appellate court rejected petitioner's search warrant claim on independent state procedural grounds. However, precisely *which* of these grounds provided the reason for the appellate court's rejection of petitioner's search warrant claim is not apparent from the court's decisions. Even if respondent is correct that this court must "look through" the appellate court's decision on petitioner's § 974.06 motion to its decision on direct appeal to ascertain the basis for its ruling, the latter opinion is unclear. With respect to the search warrant claim (which the court never identified but presumably included among the "other" arguments it did not consider), the court said it was rejecting the claim because it was "not raised at the circuit court" *or* was "inadequately developed." This use of the disjunctive is fatal to respondent's procedural default argument. If, on direct appeal, the court rejected petitioner's search warrant claim on the latter ground, that is, because he failed to raise it in his initial postconviction motion, then during the § 974.06

proceedings it was no different from all of the other new claims the court refused to entertain. if that is the case, then the court's reliance on Escalano-Naranjo was not "adequate" for the reasons discussed in the preceding section.

Accordingly, respondent's motion to dismiss the search warrant claim on grounds of procedural default must be denied.

ORDER

IT IS ORDERED that the motion of respondent William Pollard to dismiss the petition is GRANTED IN PART and DENIED IN PART. Respondent's motion to dismiss petitioner's Miranda claim is GRANTED. His motion to dismiss petitioner's jury selection and search warrant claims is DENIED. Respondent has until October 3, 2008 in which to submit a brief addressing the merits of these claims. Petitioner has until October 17, 2008 in which to file a reply to respondent's brief.

Entered this 17th day of September, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge