IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

SAMMY STANLEY,

                         Petitioner,                      OPINION AND ORDER

     v.                                              08-cv-0164-bbc

JODINE DEPPISCH, Warden,
Fox Lake Correctional Institution,

                         Respondent.

---

This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Sammy Stanley, is an inmate at the Fox Lake Correctional Institution. (At the time he filed his petition, he was confined at the Green Bay Correctional Institution. He has now been transferred to the Fox Lake Correctional Institution. Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases and Fed. R. Civ. P 25(d), I have amended the caption to reflect that the proper respondent in this action is Jodine Deppisch, who serves as the warden at the Fox Lake facility.

Petitioner contends that he is in custody in violation of the laws and Constitution of the United States because 1) the state presented evidence against him at trial that was obtained in violation of his rights under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), and his right against self-incrimination; 2) the jury was "unconstitutionally selected and impaneled"

because the circuit court allowed as jurors two people who were not summoned, worked in the courthouse and knew the prosecutor; and 3) the state presented evidence against him at trial that was obtained pursuant to "an unconstitutional search and seizure" because petitioner was not informed of his "rights" and the state did not have a search warrant for his person.  In a previous order, I granted respondent's motion to dismiss the Miranda claim on its merits because the state did not attempt to use at trial any statements that petitioner made or any evidence obtained after his arrest.  Opin. and Order, Sept. 17, 2008, dkt. #24, at 7-8.  I denied respondent's motion to dismiss the remaining two claims on grounds of state court procedural default, finding that the state appellate court had not applied state law in a principled and consistent way when it found that petitioner had defaulted the claims.  Id. at 8-14.  Respondent now asks this court to reject petitioner's challenge to the jury selection and the constitutionality of his arrest on the merits and deny the petition.  Because I agree that there is no merit to petitioner's claim that the venire panel from which his jury was drawn was improperly assembled or to his claim that police lacked authority to arrest him, I will deny the petition.

The following facts are drawn from the state court trial transcript.  Dkt. #29, exh. L.

FACTS

In early August 2004, petitioner was the target of a controlled drug buy involving an informant named Jason Tibbets.  Tibbets had agreed with police to engage in drug

2

transactions with Stanley while wearing a wire.  These transactions occurred on August 3 and August 5 and followed roughly the same sequence:  Tibbets contacted Stanley to see whether he could buy cocaine; Stanley agreed; Tibbets met with police, who searched him and his car and gave him buy money; Tibbets met with Stanley at Stanley's girlfriend's house; and Stanley went into the house and returned with drugs, which he exchanged for money in Tibbets's car.  Police were listening to the transactions via the wire on Tibbets's body and conducting visual surveillance.  After the first transaction, Tibbets turned over to the police the cocaine that Stanley had provided to him.  After the second transaction, drug task force members pulled over Tibbets's vehicle, arrested petitioner and searched the car, where they found both the buy money and cocaine.

Petitioner was charged in the Circuit Court for Eau Claire County with two counts of delivering cocaine.  Trial was on August 30, 2005.  That morning, the court indicated that several people who had been summoned for jury duty had not shown up.  The court was attempting to summon more jurors but it was "taking too much time."  Tr. of Jury Trial, Case 04-CF-600, Aug. 30, 2005, dkt. #29, exh. 2 at 11. The court indicated that it was "going to just grab some people in the hall or in some of the offices" in the building to round out the jury pool.  Id.  The prosecutor indicated that, if necessary, he would agree to a lesser number of peremptory strikes than the four usually allowed each side.  Id. at 12.

Two people who worked at the courthouse and who had not been summoned were brought in as potential jurors:  Sylvia Larson, who did payroll for the county, and Cheryl

3

Weckwerth, who worked in the county's planning and development department.  Before the jury was selected, the court conducted a *voir dire* of the panel, striking five potential jurors for cause.  As a result of those strikes, first Weckwerth and then Larson were seated as potential jurors.  The prosecutor and petitioner's lawyer were allowed to ask follow-up questions of their own after the court's *voir dire*.  At the end of the questioning, each side exercised its peremptory strikes.  (Apparently, in spite of the juror shortage, there were enough in the venire panel to allow each side its full slate of four  strikes.)  Larson was stricken but Weckwerth was selected as a juror.  No party objected to the jury selection process.  Id. at 21-47.  Petitioner subsequently was convicted of both counts.

OPINION

I.  Standard of Review

In adjudicating claims brought in a petition under 28 U.S.C. § 2254, this court is constrained ordinarily by the requirements of the Antiterrorism and Effective Death Penalty Act of 1996.  Under that law, a federal court may grant a state prisoner's writ only if he can show that the state court judgment was contrary to or an unreasonable application of federal law or rested upon an unreasonable determination of fact.  28 U.S.C. § 2254(d).  In this case, however, there is no state court decision on the merits of the issues at hand because the state appellate court rejected the claims on state procedural grounds.  As a result, this court must "dispose of the matter as law and justice require."  Harrison v. McBride, 428 F.3d 652,

4

665 (7th Cir. 2006) (citing 28 U.S.C. § 2243 ). To qualify for a writ of habeas corpus, petitioner must demonstrate that "he is in custody in violation of the Constitution or laws or treaties of the United States." Id. at 665 (quoting 28 U.S.C. § 2254).

## II.  Challenge to Jury Selection

Criminal defendants have a Sixth and Fourteenth Amendment right to a jury drawn from a representative cross section of the community. Taylor v. Louisiana, 419 U.S. 522, 528-29 (1974).  In order to establish a prima facie violation of the fair cross-section requirement, the defendant must present evidence showing that (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury selection process. Duren v. Missouri, 439 U.S. 357, 364 (1979).

Petitioner has made no showing that the venire panel from which his petit jury was selected was not representative of the community at large.  His only complaint about his jury is that two of the venire members, Weckwerth and Larson, were not selected at random.  But random selection is not a constitutional requirement; rather, it is a method used to prevent arbitrary attempts to exclude a class of persons from the jury, which is the concern at the heart of the fair cross-section requirement. United States v. Nelson, 718 F.2d 315, 319 (9th

5

Cir. 1983).  Stated differently, although random selection generally is recognized as the best way to ensure a representative jury, it is not the only way.  Indeed, the Supreme Court has upheld the facial validity of non-random, highly-subjective state procedures for selecting jurors.  Castaneda v. Partida, 430 U.S. 482, 497 (1977) (upholding Texas's key-man system of selecting grand jurors even though it was highly subjective); Carter v. Jury Commission, 396 U.S. 320 (1970) (upholding Alabama statute requiring jury commissioners to select for jury service persons generally reputed to be honest, intelligent and esteemed in community for good character, integrity and sound judgment, even though jury commissioners and clerk were excluding African-Americans systematically on racially discriminatory basis).

Petitioner relies mostly on the Jury Selection and Service Act of 1968, codified at 28 U.S.C. §§ 1861-1878, which provides that in the event of a juror shortage, the marshal should summon additional jurors selected "at random" from the voter registration lists.  28 U.S.C. § 1866(f).  This law does not help petitioner because it applies only to federal, not state courts.  By contrast, Wisconsin expressly authorizes courts faced with a juror shortage to do precisely what the trial judge did in this case:  find people in the vicinity who are qualified to serve as a jurors.  Wis. Stat. § 756.07 (if insufficient number of jurors available from prospective juror list, "the court may order the sheriff to bring before the court persons in the vicinity for determination by the court of their qualification and ability to serve as jurors for the particular trial").  Apart from the fact that Weckwerth and Larson were not summoned at random, petitioner does not make any argument or present any evidence to

6

suggest that their presence on the venire panel changed it from one representing a cross-section of the community to one that did not.  Absent such evidence, petitioner has no basis to complain that he was denied his right to a jury composed of a fair cross-section of the community.  This is so even if Weckwerth and Larson may have volunteered to join the venire panel.  Accord United States v. Branscome, 682 F.2d 484, 485 (2d Cir. 1982) (no evidence that practice of selecting volunteers for grand jury service diminished likelihood that fair cross-section of community would be represented on any given grand jury); United States v. Kennedy, 548 F.2d 608, 610-12 (5th Cir. 1977) ("Absent any indication that the use of volunteers actually operated in a particular case to underrepresent some discernible group of persons and thus to diminish the representative nature of jurors," no merit to claim that fair cross-section requirement was violated).  Further, petitioner has presented no evidence suggesting that any of the jurors who heard his case were biased against him. (Petitioner points out that Larson admitted that she knew the prosecutor.  Even if this alone was enough to show that Larson was biased, which it is not, it is immaterial because Larson was not selected as a juror.)  For these reasons, petitioner's jury selection challenge fails.

### III.  Fourth Amendment Issues

Petitioner contends that the police violated his rights under the Fourth Amendment. This claim suffers from a number of procedural defects, any one of which is a sufficient basis for denying the claim.  First, petitioner's Fourth Amendment claim is poorly developed and

7

difficult to comprehend.  Throughout his submissions, petitioner intertwines his Fourth Amendment claim with his <u>Miranda</u> claim (which is rooted in the Fifth Amendment), making it difficult to ascertain precisely what alleged action by police forms the basis for his Fourth Amendment claim.  In his brief in support of his petition, petitioner asserts that the state introduced evidence at trial that was obtained "in violation [of] the 4th Amendment for his illegal arrest without a search warrant."  Dkt. #13, at 4.  On page 25 of the brief, however, he asserts that he was arrested without probable cause.  This court will not consider claims, even by *pro se* litigants, that lack a cogent theory.

Second, even if this court could discern the basis for petitioner's Fourth Amendment claim, it cannot overturn a state criminal conviction because of a violation of the Fourth Amendment if the petitioner had a full and fair opportunity to litigate the claim.  <u>Stone v. Powell</u>, 428 U.S. 465 (1976).  A "full and fair opportunity" means "the right to present one's case."  <u>Cabrera v. Hinsley</u>, 324 F.3d 527, 531-32 (7th Cir. 2003).  Petitioner appears to contend that he was denied this opportunity because the court never ruled on certain pretrial motions.  However, there is no evidence that these motions included a motion to suppress physical evidence on the basis of an alleged Fourth Amendment violation.  Where adequate state court procedures exist for raising suppression issues but the petitioner never files a motion, either <u>Stone</u>'s bar or the ordinary rules of procedural default preclude this court from considering the claim.  <u>Marshall v. Hendricks</u>, 307 F.3d 36, 82 (3d Cir. 2002) (noting that petitioner would be denied full and fair opportunity to litigate Fourth

Amendment issue if "a structural defect in the system itself prevented [petitioner's] claim from being heard"); Chambers v. McCaughtry, 264 F.3d 732, 737-38 (7th Cir. 2001) (to preserve constitutional claim for federal review, petitioner must place "both the operative facts and the controlling legal principles" before the state courts in order to give them meaningful opportunity to adjudicate claim).

Petitioner might be able to overcome this procedural bar if he can show that his failure to raise his Fourth Amendment claim in state court was the result of ineffective assistance of counsel. Coleman v. Thompson, 501 U.S. 722, 753-54 (1991) (attorney error rising to level of ineffective assistance can constitute cause to set aside procedural default); Kimmelman v. Morrison, 477 U.S. 365, 382-83 (1986) (Stone's rationale does not bar claim that counsel was ineffective for failing to file or properly litigate suppression motion raising Fourth Amendment issues). To make this showing, petitioner must show that his lawyer's failure to file a suppression motion fell below an objective standard of reasonableness under prevailing professional norms and that this omission prejudiced him. Strickland v. Washington, 466 U.S. 664, 668 (1984).

Although petitioner alleges generally that both trial and post-conviction counsel were ineffective for failing to raise various claims, he has not developed this claim in any meaningful way. Therefore, he has waived it. Campania Management Co., Inc. v. Rooks, Pitts & Poust, 290 F.3d 843, n. 6 (7th Cir. 2002) ("Perfunctory and undeveloped arguments are waived"). In any event, the record makes clear that counsel was not ineffective for failing

to bring a suppression motion.  Any motion to quash petitioner's arrest would have had no merit.  Plainly, the police had probable cause to arrest petitioner, having watched and listened to his drug transactions with the informant, Tibbets.  Further, petitioner has not alleged that the police derived any evidence as a result of his arrest.  The only evidence obtained after petitioner's arrest were the drugs and the money in Tibbets's car, which police searched with Tibbets's consent as part of the controlled-buy operation.  Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (warrantless search conducted pursuant to consent does not violate Fourth Amendment).  Because the record discloses no legitimate basis for a suppression motion, petitioner was not prejudiced by his lawyer's failure to file one.  Accordingly, he cannot overcome his procedural default of his Fourth Amendment claim.  (For the sake of completeness, I note that petitioner has not attempted to demonstrate that his claim is reviewable under the fundamental miscarriage of justice exception, which requires him to show that it is more likely than not that no reasonable juror would have convicted petitioner in light of newly-discovered evidence of innocence.  Schlup v. Delo, 513 U.S. 298, 327 (1990)).

In sum, petitioner has failed to show that he is in custody in violation of his constitutional rights.  Accordingly, the petition must be denied.

10

ORDER

IT IS ORDERED that the petition of Sammy Stanley for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

If petitioner wishes to appeal this determination, he must file a notice of appeal in accordance with Fed. R. App. P. 4(a) and request a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).  In addition, if he wishes to proceed on appeal in forma pauperis, he must file the motion and supporting information required by Fed. R. App. 24(a)(1).

Entered this 8th day of January, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

11